IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHRISTOPHER HESS          :     CIVIL ACTION
                                  :
          Plaintiff        :
vs.                        :     NO.  07-5087
                                    :
COUNTY OF LEHIGH,  et al.     :
                                  :
          Defendants    :


<u>MEMORANDUM OPINION AND ORDER</u>

GOLDEN, J.                                                         AUGUST 7, 2009

      Plaintiff brought this action under 42 U.S.C. § 1983, claiming his former employer, the County of Lehigh (the "County"), violated the Fourteenth Amendment by depriving Plaintiff of his property interest in his job without due process of law.  Plaintiff also alleges that his union, AFSCME, Local 3206 ("Local 3206") breached its duty of fair representation when it failed to file a grievance on Plaintiff's behalf. Presently before the Court is the County's Motion to Dismiss Counts I and II of the Amended Complaint and Local 3206's Motion to Dismiss Count III of the Amended Complaint.  Both motions are brought under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons which follow, the motions are granted.

      For purposes of a Rule 12(b)(6) motion, the Court accepts the allegations in the Amended Complaint as true and draws all inferences in favor of the Plaintiff.  Plaintiff  worked as an Adult Probation Officer for the Lehigh County Adult Probation Department from July 23, 2002 until the time he claims he was constructively discharged on June 1, 2007.  Am. Compl. at ¶¶ 6,16.  At the time of his discharge, Plaintiff was a member of the collective bargaining unit, Local 3206.  <u>Id</u>. at ¶ 21.  The terms and conditions of Plaintiff's employment were governed by the Collective Bargaining Agreement ("CBA") between the County and Local 3206.  Plaintiff was constructively discharged for falsifying case records.  Plaintiff tried to file a grievance with the County contesting his discharge, but the County informed him that his grievance was not filed in a timely manner.  <u>Id</u>. at ¶17.  He then filed a grievance with the Court of Common Pleas, but

the grievance was denied.  Id. at ¶¶17-20.  Local 3206 did not contest Plaintiff's discharge under the CBA

Id. at ¶¶ 45-48, 51.[1]

In his Amended Complaint, Plaintiff alleges that he maintained a property interest in his job

as an Adult Probation Officer since, pursuant to the CBA, he was a tenured employee not subject to

employment at-will.  Id. at ¶ 23.  Plaintiff claims in Count I that the County deprived him of his property

right in his job without due process of law, in violation of the Fourteenth Amendment, when it

"constructively discharged" him and failed to give him a hearing or allow him to prosecute a grievance in

accordance with the CBA.  Id. at ¶¶ 25-33.

In its Motion to Dismiss Count I, the County argues that Plaintiff has absolutely no property

interest in his job because he was never a tenured employee, but at all times was an employee at-will.  The

County contends that since Plaintiff never had a property interest in his job, Plaintiff could be terminated at

any time without due process of law.  To have a protected property interest in a job, Plaintiff must show that

he has a legitimate entitlement to continued employment.  Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir.

2005)(citing Bd. of Regents of State College v. Roth, 408 U.S. 564, 577 (1972)) .  "[O]nly two types of

contract have been found to be property protected by the Fourteenth Amendment.  The first is a contract that

confers a protected status, such as a tenure contract providing for permanent employment.  The second is a

contract explicitly providing that it may be terminated only for cause. " Sanquingi v. Pittsburgh Board of

Public Education, 967 F.2d 393, 401 (3d Cir. 1992).  A showing that state law has created a legitimate

expectation of continued employment, a public employee is presumed to be an at-will employee.  Cooley v.

Phila. Hous. Fin. Agency, 830 F.2d 469, 471 (3d Cir. 1997).  An at-will employee does not have a legitimate

entitlement to continued employment because he serves solely at the pleasure of his employer.  Chabal v.

Reagan, 841 F.2d 1216, 1223 (3d Cir. 1988).

---

[1]  Although the CBA is not attached to the Amended Compaint,(and is attached as exhibits to both Defendants' Motions to Dismiss) the Court may still consider it without converting the motion to dismiss into a motion for summary judgment since Plaintiff relies on the CBA to establish integral elements of his claim and Plaintiff does not dispute the authenticity of the the CBA, Pension Ben.Guar.Corp. v. White Consol.Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). ( "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")

Plaintiff's claim that he had a property interest in his job because he was a tenured employee under the CBA is without merit.  To the contrary, Plaintiff was at all times an employee at-will.  Specifically, Article II of the CBA provides that "[n]othing in this Agreement shall be construed to mean that an employee or group of employees has a right, inherent or otherwise, to any job or work."  See CBA at 5.  Article III, Section 1 of the CBA, reserves to the County and the Court of Common Pleas "the rights, in accordance with their sole and exclusive judgment and discretion: to reprimand, suspend, discharge or otherwise discipline employees..."  Id.  Finally, Section 3 of Article III of the CBA states:

> it is specifically agreed that nothing in this Agreement shall, in any way, affect the rights of the Court, the Judges, and other County officers with respect to...discharging...employees as guaranteed in the County Code, including Section 1620 thereof, the Pennsylvania Constitution and the various court decisions pertaining thereto.  In the event any of the terms or provisions of this Agreement transgress or infringe upon the right of the Court, the Judges, or other County officers, such terms and provisions of this Agreement shall not be applicable to the employees involved.

See, CBA at 6.

As a result, Plaintiff was at all times an at-will employee who could be discharged at the sole discretion of the Court of Common Pleas of Lehigh County and, therefore, did not have a property interest in his job as an Adult Probation Officer.

In addition, any language in the CBA governing Plaintiff's employment that would arguably restrict the ability of the Court of Common Pleas to dismiss its employees would be unenforceable under Pennsylvania law.  CBAs, which are governed by the Pennsylvania Public Employee Relations Act 43 P.S. §§1101.101, et seq, (PERA), may not encroach upon the right of the judiciary to discharge judicial employees.  See Eshelman v. Commissioners of Berks County, 436 A.2d 710, 712 (Pa.Cmwlth. 1981); Beckert v. American Federation of State, County & Municipal Employees, 425 A.2d 859, 862-63 (Pa.Cmwlth. 1981).

In Beckert, a judicial employees union complained to the Pennsylvania Labor Relations Board that the Court of Common Pleas of Bucks County violated PERA by terminating a judicial employee without following the termination procedures outlined in the CBA..  Beckert, 425 A.2d at 860-61.  The Court

of Common Pleas filed suit to enjoin the Board from attempting to enforce the CBA, on the grounds that the

termination procedures violated the Pennsylvania Constitution's doctrine of separation of powers.   Id. at

861.  The court stated that although PERA gave judicial employees the right to bargain collectively regarding

the financial terms of employment, PERA cannot be interpreted as  "immunizing employees from the

inherent power of discharge."   Id. at 863.  The court reasoned that "the discharge of a judicial employee is a

judicial power vested by our Constitution in the courts.   That power may not, consistent with the

constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another

branch of government."   Id. at 862.  See also Eshelman  436 A.2d at 712 ("[T]he collective bargaining

process must not infringe upon the judges' authority to select, discharge, and supervise court personnel.")

Here, like in Beckert, Plaintiff claims that he was unlawfully discharged because the Court

of Common Pleas did not follow the termination procedures outlined in the CBA.   According to the

precedent set forth in Beckert, any terms that the CBA contains that restrict the ability of the Court of

Common Pleas to dismiss its employees at-will are unenforceable because they are inconsistent with the state

constitutional doctrine of separation of powers and the unqualified power to discharge judicial employees.

Because a CBA between judicial employees and a Pennsylvania court may not alter the at-

will employment status of judicial employees, the Plaintiff cannot contend that the CBA gives him a property

interest in his job.

Plaintiff cites Montross v. Hatboro Borough, 2002 WL 32341779 (E.D.Pa.) and Hughes v.

City of Bethlehem, 2007 WL 954120 (E.D.Pa.)  for the proposition that mere membership in a collective

bargaining unit gives the employee a property interest in his job.  (Pl. Response to Mot. To Dismiss at 6, 9-

10).  However, these cases hold that "just cause" employment status arises not from the mere fact that

Plaintiff's employment was governed by a CBA, but from the specific terms of the CBA that expressly

provided that employees could only be fired for "just cause."   See Montross at *2 ("[C]ollective bargaining

agreement specifically states that an employee cannot be fired for disciplinary reasons without just cause.");

Hughes at *10 ("[T]he collective bargaining agreement between the city and Hughes' former union includes a "for-cause" termination provision.")

Unlike either Montross or Hughes, here the CBA does not provide that employee cannot be fired without just cause.  In fact, the CBA specifically, states the contrary, namely that Plaintiff's employer, the Court of Common Pleas of Lehigh County, retains the "sole and exclusive judgment and discretion to reprimand, suspend, discharge or otherwise discipline employees."  (CBA at 5).  Because the CBA does not contain any provisions stating that employees may be fired for only just cause, Plaintiff remains an at-will employee without any property in his job.

Plaintiff also contends that the terms of the Lehigh County Court of Common Pleas Personnel Policies and Procedure Manual ("Personnel Manual") created an implied contract that alters the at-will employment status.   An employee handbook creates an enforceable contract that alters the at-will employment status if "a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule  and be bound legally by its representations in the handbook.   The handbook must contain a clear indication that the employer intended to overcome the at-will presumption. [I]t is for the court to interpret the handbook to discern whether it contains evidence of the employer's intention to be bound legally."  Luteran v. Loran Fairchild Corp., 688 A.2d 211, 214-15 (Pa.Super. 1997).

In Cooley , 830 F.2d 469 (3d Cir. 1987), the plaintiff alleged that he was not an at-will employee and thus had a property interest in continued employment because, inter alia, the employee manual contained "1) his status as an "permanent employee"; 2) subjection to discipline only in the event of violation of established agency policies; 3) a mandated sequence of procedures once disciplinary activity has been initiated; 4) listing of violations which trigger disciplinary action; and 5) establishment of specific procedures to be followed in the event of a grievance filing, including the right to a hearing."  Cooley, 830 F.2d at 473.  The court found that the employee manual did not alter the at-will employment status because (1) the public employer did not have legislative authority to alter the at-will employment status, and (2) the

terms of the employee handbook did not create a permanent contractual employment relationship. Id.   The court noted that despite the disciplinary and grievance procedures contained in the manual, the manual expressly stated that employees may be dismissed at the discretion of the employer, which suggested that the at-will employment status was not altered by the manual. Id.

Here, Plaintiff's judicial employer might have the authority to alter the at-will employment status of its employees through an employment contract, albeit not through a CBA governed by PERA. Nevertheless, the "progressive discipline" procedures the employee handbook allegedly contain are insufficient to create the permanent employment relationship or "for cause" employment status that is required for Plaintiff to have a property interest in his job.   Indeed, the terms of the Personnel Manual expressly state that "employment with the Lehigh County Court of Common Pleas is "at will."  Personnel Manual at 16.  """ At will'" employment means the employer maintains the absolute power to bypass any progressive discipline policy at any time, and to terminate an employee for any reason." Id.   Clearly no reasonable employee would interpret such provisions to indicate the employer's intent to supplant the at-will employment relationship.   Accordingly, the Court finds that the Personnel Manual does not create an enforceable contract that restricts the ability of the employer to discharge Plaintiff at-will, and Plaintiff has no property interest in his job.  Since Plaintiff did not have a protected property interest, his claim that he was deprived of a property interest without due process of law fails as a matter of law.

In Count II, Plaintiff alleges that the County, by "constructively discharging" him, has deprived him of his liberty interest in his good name, in violation of the Fourteenth Amendment.   In his Memorandum of Law in Opposition to Defendants' Motions to Dismiss, however, Plaintiff states that he "withdraws his claim for violation of a liberty interest under 42 U.S.C. § 1983." Memo in Opp. at 10. Therefore, Count II is dismissed.

In Count III of the Amended Complaint, Plaintiff alleges that Local 3206 violated PERA when it allegedly breached its duty of fair representation by refusing to actively pursue Plaintiff's grievance.[2]

In the first instance, the CBA specifically prohibited the Union from filing a grievance under that agreement to challenge an employee's dismissal.  The grievance and arbitration procedure, set forth in Article VII of the CBA, defines the term "grievance" as follows:

> A "grievance" is defined as a dispute which may arise between the parties involving only the specific items listed below and specifically excludes any disputes relating to the Court's authority to hire, fire or supervise.  Grievances as above defined shall be settled in the manner provided in this Article.  Any other disputes, including all disputes relating to the Court's authority to hire, fire or supervise shall be subject solely to the Court's discretion and/or processes the Court may choose to utilize.

See CBA at 9 (emphasis added).

Second, a union breaches its duty of fair representation to an employee when "refusal to submit a grievance is due to arbitrariness, discrimination or bad faith." Casner v. AFSCME, 658 A.2d 865, 870 (Pa. Cmwlth. 1995).  Plaintiff asserts that the union's refusal to submit a grievance was due to bad faith because (1) the CBA was clearly violated by the employer and (2) the union and the employer conspired together to deny Plaintiff his rights under the CBA. (Am. Compl. 48, 49, 52).

Plaintiff's claim that the CBA was clearly violated and thus his grievance was meritorious, even if true, is insufficient to establish the bad faith necessary to state a valid claim for breach of the duty of fair representation.  "Whether a grievance has merit does not determine liability for a duty of representation claim." Hughes v. Council 13, 629 A.2d 194, 196 (Pa.Cmwlth. 1993) (citing Zicardi v. Com., 456 A.2d 979, 981 (Pa. 1982)).   The union is given broad discretion in determining whether to file a grievance and "is not responsible for negligence in processing a grievance." See Martino v. Transport Workers Union, 480 A.2d 242, 250 n.12 (Pa. 1984).

---

[2] Plaintiff also names the County in this Count, claiming the County conspired with the Union to deprive Plaintiff of his rights under the CBA. Am. Compl. at ¶ 49.

In <u>Hughes</u>, the plaintiff asserted that "breach of duty [was] demonstrated by the fact that "the union failed to submit a grievance and yet "she was successful in receiving unemployment compensation benefits." <u>Hughes</u> 629 A.2d at 195.  The court stated that to survive a motion for summary judgment the plaintiff "must allege arbitrariness on the union's part by specific facts; mere conclusory allegations in the pleadings without supporting factual allegations are not sufficient." <u>Id</u>. at 195.  The court then held that an allegation of bad faith supported by the specific fact that the grievance was valid is insufficient to demonstrate that the union breached its duty of fair representation.  <u>Id</u>. at 196.

Here, like in <u>Hughes</u>, Plaintiff asserts that breach of the duty of fair representation is indicated by the specific fact that the grievance is meritorious.  However, this is insufficient to establish the bad faith required to state a valid breach of duty of fair representation claim.  Moreover, here the grievance is clearly not valid because the terms of the CBA gives the employer "exclusive judgment and discretion....to discharge....employees" and expressly denied the union the right to submit a grievance for "any dispute relating to the Court's authority to hire, fire, or supervise."  (CBA at 6,9).  Because the assertion that the grievance is meritorious is insufficient to establish bad faith on the part of the union, and because the grievance here is not meritorious, Plaintiff has failed to alleges specific facts that, if true, would establish a legally sufficient claim for breach of the duty of fair representation.

For all the foregoing reasons, the Motions to Dismiss are granted as to all counts and the Amended Complaint is dismissed with prejudice.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHRISTOPHER HESS                 :          CIVIL ACTION
                                 :
                 Plaintiff       :
        vs.                      :          NO.  07-5087
                                 :
COUNTY OF LEHIGH, et al.         :
                                 :
                 Defendants      :


ORDER

_____AND NOW  this 7th day of August, 2009, it is hereby ORDERED that:

The Motion of the Defendant County of Lehigh to Dismiss the Amended Complaint is GRANTED.

The Motion of the Defendant AFSCME, Local 3206 to Dismiss the Amended Complaint is

GRANTED.

The Amended Complaint is DISMISSED WITH PREJUDICE.

The Clerk is DIRECTED to mark this case closed for statistical purposes.


BY THE COURT:


*THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.